**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 15-09198BKT** |
| | **Chapter 7** |
| **JORGE D. CARRERA DEL MORAL** | |
| | **Adversary No. 18-00043** |
| **Debtor(s)** | |
| **WILFREDO SEGARRA MIRANDA, TRUSTEE** | |
| **Plaintiff** | |
| **vs.** | |
| **TRIPLE-S MANAGEMENT CORPORATION** | |
| **Defendant** | **FILED & ENTERED ON 02/12/2019** |

**OPINION AND ORDER**

Before this court is Defendant Triple-S Management Corporation's (hereinafter "Triple-S") *Motion for Summary Judgment* [Dkt. No. 25]; Plaintiff Wilfredo Segarra Miranda's, in his capacity as Trustee for the Estate of Jorge D. Carrera Del Moral, (hereinafter "Trustee") *Opposition to Motion for Summary Judgment* [Dkt. No. 35]; Triple-S' *Reply to Opposition to Motion for Summary Judgment* [Dkt. No. 37]; and, *Trustee's Position with Regards to TSM's Reply to Opposition to Motion for Summary Judgment* [Dkt. No. 40]. For the reasons set forth below, Triple-S' *Motion for Summary Judgm*ent [Dkt. No. 25] is DENIED.

1

On April 26, 2018, the Trustee filed the present adversary proceeding alleging that Triple-S withheld property belonging to Jorge D. Carrera Del Moral's (hereinafter "Debtor") estate and asking this court to compel the turnover of the property pursuant to section 542(b) of the Bankruptcy Code. The Plaintiff alleges that the Debtor had Restricted Class A shares in Defendant's institution in the amount of $242,000.000 which pursuant to the definition of 11 U.S.C. § 541, is considered property of the estate. Plaintiff further alleges that section 542(a) requires Triple-S to turnover property of the estate to the Trustee. Triple-S has failed to do so. Triple-S' motion for summary judgment states that the Debtor does not own any certificates of stock in their institution. Triple-S contends that the Debtor used to own stocks but that he disposed of them before the filing of the instant Complaint. Therefore, there is no property to turnover. An Unsworn Declaration of Yolanda Torres Negron, Executive Assistant of Triple-S' Board of Directors was included, establishing that Debtor does not currently own any certificates of stock, and further that all of his stocks were disposed of on December 24, 2008 and May 22, 2013, respectively. Triple-S requests this court to impose an award of attorney's fees in the amount incurred by it as a result of the Trustee's temerity in refusing to voluntarily dismiss the Complaint.

In his opposition, Trustee claims that Triple-S has failed to show that there is no genuine controversy as to any material fact. Trustee explains that the Debtor had funds in Triple-S' institution pursuant to the schedules filed two months after the order for relief on November 20, 2015. Trustee argues that although Yolanda Torres Negron, executive assistant of Defendant's Board of Directors, established in an Unsworn Declaration that the Debtor disposed of all his certificates on December 24, 2008 and May 22, 2013, the Debtor swore under penalty of perjury

2

that he had $242,000.000 in Restricted Class A shares in Triple-S' institution. Trustee claims that pursuant to a letter dated January 30, 2015, written by Eileen Perez Calderon, the manager of Triple-S' Office of the Board of Directors, Debtor's father acquired 21 shares of Triple-S stock between 1959 and 1984. These shares were then transferred, following his father's death, to the Debtor on January 20, 2004. The Trustee further asserts that the information provided by Triple-S was an unintelligible document that was of no service, and that no substantial evidence has been provided. The Trustee requests the court to deny summary judgment so that he may conduct discovery pursuant to Federal Rule Bankruptcy Procedure 7056(d). Further, the Trustee petitions the court to deny Triple-S' request for sanctions because he has not been unreasonably adamant or stubbornly litigious.

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4.

The court has reviewed the parties' motions and exhibits and determines that there is a genuine dispute as to a material fact. Specifically, whether the Debtor currently holds any

3

Restricted Class A shares in Defendant's institution.

WHEREFORE, IT IS ORDERED that Triple-S' *Motion for Summary Judgment* [Dkt. No. 25] shall be, and hereby is, DENIED. The Clerk shall schedule this case for a pre-trial conference on April 24, 2019 at 2:00 PM. The parties shall file a joint pretrial report due seven (7) days prior to the hearing date.

SO ORDERED

In San Juan, Puerto Rico this 12th day of February, 2019.

Brian K. Tester
U.S. Bankruptcy Judge

4