# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 15-009198 BKT** |
| **JORGE D CARRERA DEL MORAL** | |
| Debtor(s) | |
| **WILFREDO SEGARRA MIRANDA, TRUSTEE** | **CHAPTER 7** |
| Plaintiff | |
| v. | |
| **JORGE D CARRERA DEL MORAL TRIPLE-S MANAGEMENT CORP.** | **FILED & ENTERED ON 12/03/2019** |
| Defendants | |

## OPINION & ORDER

Before the court is Defendant Triple-S Management Corporation's (hereinafter "TSM") Motion for Reconsideration filed on October 17, 2019, [Dkt. No. 77] and Trustee's Opposition to TSM's Request of Reconsideration filed on 10/30/2019 [Dkt. No. 78]. For the reasons set forth below the Defendant's Motion for Reconsideration is Denied.

Federal Rule of Civil Procedure 59 applies to bankruptcy cases pursuant to Federal Rule Bankruptcy Procedure 9023. Accordingly, if, as in this case, the motion is "filed no later than 14 days after the entry of judgment," the motion is examined under the severity of Rule 59(e). Id.; Marie v. Allied Home Mortgage Corp., 402 F.3d 1, FN2 (1st Cir. 2005) ("We note that it is very difficult to prevail on a Rule 59(e) motion."). For a Rule 59 motion to succeed movant "must either clearly establish a manifest error of law or must present newly discovered evidence."

Cherena v. Coors Brewing Co., 20 F.Supp.2d 282, 287 (D.P.R. 1998) (quoting Jorge Rivera Surillo & Co. v. Falconer Glass Indus.,Inc., 37 F.3d 25, 29 (1st Cir. 1994)). As a result, a motion to alter or amend judgment will be denied unless the moving party presents controlling jurisprudence that was overlooked by the court which may reasonably be expected to amend or alter its conclusion. Est. of Rivera v. Dr. Susoni Hosp., Inc., 323 F. Supp. 2d 262, 265 (D.P.R. 2004) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir.1995)).

After a thorough review of the motions, the court determines that Defendant's motion neither provides the court with genuine reasons why it should revisit the order denying the Motion for Summary Judgment [Dkt. No. 72], nor compelling law in support of reversing the prior decision. In their motion to reconsider, the Defendant fails to establish any of the required legal factors discussed above pursuant to Fed. R. Civ. P. 59(e). Moreover, the court finds the argument raised in the Plaintiff's opposition compelling and legally sound. The Defendant has failed to establish the legal requirements for reconsideration under Rule 9023 of the Federal Rules of Bankruptcy Procedure, and therefore, the Motion for Reconsideration [Dkt. No. 77] is DENIED.

SO ORDERED

In San Juan, Puerto Rico, this 3rd day of December, 2019.

Brian K. Tester
U.S. Bankruptcy Judge

-2-